UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

2006 SEP 11 P 3: 26

U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____ DEPT. CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:06-CR-92Y |
| ) | JUDGES PHILLIPS/GUYTON |
| BERNADETTE TRENT WEST and ) | |
| PRESERVATION PUBLIC, L.L.C. ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 8, 2006, a Superseding Indictment was filed in the above-referenced case charging Defendants BERNADETTE TRENT WEST and PRESERVATION PUBLIC, L.L.C., by and through Bernadette Trent West as shareholder thereof, and others, with willfully, knowingly, intentionally, and without authority combining, conspiring, confederating, and agreeing to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducting and attempting to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),(a)(1)(B)(I) and (h).

WHEREAS, in the forfeiture allegations of the Superseding Indictment in the above-referenced case, the United States sought forfeiture of the interest of the Defendants BERNADETTE TRENT WEST and PRESERVATION PUBLIC, L.L.C., pursuant to, Title 18,

United States Code, Section 982(a)(1), in any property involved in the violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i),(a)(1)(B)(I) and (h), and any and all property traceable thereto.

AND WHEREAS, on *September 11, 2006*, this Court accepted the guilty plea of the Defendants, BERNADETTE TRENT WEST and PRESERVATION PUBLIC, L.L.C., and by virtue of said guilty plea and conviction, the Court has determined that the property identified below is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to Title 21, United States Code, Section 853(g), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of Defendants, BERNADETTE TRENT WEST and PRESERVATION PUBLIC, L.L.C., under Title 18, United States Code, Sections 1956(a)(1)(A)(I), (a)(1)(B)(I) and (h), the United States is hereby authorized to seize the following properties and the same are hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(h) and Title 18, United States Code, Section 982:

**Real Property and/or Related Land Records**

    (a) Real Property, situated in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, and being known and designated as Lot 19R, in the Resubdivision of Lots 19, 20, 21, and 22, of Swan & Mabry Addition, as shown by map recorded as Instrument No. 200303240084555, in the Knox County Register's Office, said lot

2

being more fully bounded and described by map, to which map specific reference is hereby made for a more particular description.

Recorded in the Register of Deeds Office for Knox County, Tennessee on September 5, 2005, as Instrument Number 200509060021878, titled to the Industrial Development Board of the City of Knoxville. Being the same property conveyed by Quit Claim Deed dated May 9, 2003, from Scott and Bernadette West to Lessee recorded with the Knox County Register of Deeds at Instrument No. 200305120102834. (16, 18, 20, 22 Market Square).

(b) The "Lease" concerning the aforesaid real property described in paragraph (1) immediately herein above, dated August 1, 2005, entered into by the Industrial Development Board of the City of Knoxville, a public nonprofit corporation organized and existing under the laws of the State of Tennessee ("Lessor"), and Preservation Public LLC ("Lessee") as evidenced by the "Memorandum of Lease" of record as Instrument Number 200509060021879 in the Register of Deeds for Knox County, Tennessee, and which reads in part as follows:

WHEREAS, Lessor is a public nonprofit corporation and a public instrumentality of the City of Knoxville, Tennessee, and is authorized under Sections 7-53-101 to 7-53-311, inclusive, Tennessee Code Annotated, as amended (the "Act"), to acquire, whether by purchase, exchange, gift, lease, or otherwise, and to own, lease and dispose of properties for certain purposes identified in the Act.

WHEREAS, in order to encourage Lessee to construct and rehabilitate an approximately 26,300 square foot residential and commercial buildings located at 16 – 22 Market Square, Knoxville, Tennessee, thereby furthering the purposes of the Act, Lessor desires to lease to Lessee and Lessee desires to rent from Lessor certain real property hereinafter more particularly described, on the terms and conditions set forth herein;

WHEREAS, the City Council of the City of Knoxville, Tennessee, authorized the Lessor to negotiate and accept from Lessee payments in lieu of ad-valorem taxes pursuant to Resolution No. R-377-03 approved September 10, 2003; and

NOW, THEREFORE, Lessor, for and in consideration of the payments hereinafter stipulated to be made by Lessee, and the covenants and agreements hereinafter contained to be kept and performed by Lessee, does by these presents demise, lease and let unto Lessee, and Lessee does by

3

these presents hire, lease and rent from Lessor, for the Term (as defined below) and upon the conditions hereinafter stated, the premises described in <u>Exhibit A</u> attached hereto, together with all facilities and improvements now existing or hereafter constructed thereon by Lessee or otherwise......

(c) Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, being located on the East side of Market Square, and more particularly described as follows:

BEGINNING at the center of a brick division wall between Eckle and Gossett (former owners) at the pavement on said Market Square; thence Easterly with said Gossett line about 120 feet to an alley; thence Southerly along said alley 20 feet 4 inches; thence Westerly along the center of the wall of the present brick business house formerly belonging to Eckle about 120 feet to Market Square; thence Northerly 20 feet 4 inches to the BEGINNING. Being known as 28 Market Square Mall. It being the true meaning and intent to convey to the second parties to the center of each wall on each side of said lot.

Recorded in Warranty Deed registered on August 28, 2002, as Instrument Number 200208280017284, in the Register of Deeds Office for Knox County, Tennessee, titled to Scott West and wife, Bernadette West. (28 Market Square)

(d) Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, and being Lot 13 of Swan and Mabry's Addition, which lot runs 28 feet on the East side of Market Mall and extends East along the South line of Wall Avenue, 118.1 feet, more or less, to an alley, and being more particularly described as follows:

BEGINNING at a point marking the intersection of the Eastern line of Market Square with the Southern side of Wall Avenue; thence in an Easterly direction and with the Southern line of Wall Avenue, North 63 deg. East 118.1 feet to an iron pin in the Westerly line of a 10 foot alley; thence in a Southerly direction with the Western line of said alley, South 27 deg. East 28.0 feet to an iron pin; thence South 63 deg. West 118.1 feet to the Eastern line of East Market Square; thence with the Eastern line of East Market Square, North 27 deg. West 28.0 feet to the point of BEGINNING, as shown by Survey of Property of Fikret T. Gencay by Michael E. Luethke, Tennessee Registered Surveyor No. 842, Luethke

4

Surveying Company, 6538 Vintage Drive, Knoxville, Tennessee 37921. Said survey being dated July 7, 1994, and bearing Drawing No. 94287.

Recorded in Warranty Deed registered on May 9, 2002, as Instrument Number 200205090093076, in the Register of Deeds Office for Knox County, Tennessee, titled to Bernadette West and husband, Scott West. (36 Market Square also known as 320 Wall Avenue)

**Currency**

(a) $7,700.00 in United States currency recovered from JAMES MICHAEL WEST on March 31, 2006.

(b) $2,000.00 in United States currency recovered from JAMES MICHAEL WEST on May 18, 2006.

(c) $5,400.00 in United States currency recovered from JAMES MICHAEL WEST on May 31, 2006.

(d) $13,519 in United States currency seized from Ronald Scott West and Bernadette Trent West on July 16, 2006, at 18 Market Square, Apartment 211, Knoxville, Tennessee.

2. That the aforementioned forfeited properties are to be held by the Internal Revenue Service in their secure custody and control.

3. That pursuant to Title 21, United States Code, Section 853(n)(1), as incorporated by Title 18, United States Code, Section 982(b), the Internal Revenue Service forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Internal Revenue Service's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5

Case 3:06-cr-00092-TWP-HBG   Document 79   Filed 09/11/06   Page 5 of 7   PageID #: 99

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in each of the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), as incorporated by Title 18, United States Code, Section 982(b), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the Internal Revenue Service and to the United States Attorney's Office.

ENTER:

*[signature]*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

6

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: _____
HUGH B. WARD, JR.
Assistant United States Attorney

_____
DAVID M. ELDRIDGE
Counsel for Defendant

_____
BERNADETTE TRENT WEST
Defendant

_____
BERNADETTE TRENT WEST
Shareholder
Preservation Public, L.L.C.

7