# United States District Court
## Eastern District of Tennessee

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| BERNADETTE TRENT WEST | Case Number:   3:06-CR-92-04 |
| | David M. Eldridge |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✓]   pleaded guilty to count(s): two (2) of the Superseding Indictment
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1956(a)(1)(A) and (a)(1)(B) and (h) | Money Laundering | July 18, 2006 | 2 |

    The defendant is sentenced as provided in pages 2 through  8  of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___  [] is  [] are  dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

January 19, 2007
Date of Imposition of Judgment

s/ Thomas W. Phillips
Signature of Judicial Officer

THOMAS W. PHILLIPS, United States District Judge
Name & Title of Judicial Officer

January 19, 2007
Date

EDTN Judgement in a Criminal Case (Rev. 3/04)
Sheet 2 — Imprisonment

DEFENDANT: BERNADETTE TRENT WEST
CASE NUMBER: 3:06-CR-92-04

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __24 months__.

[✓] The court makes the following recommendations to the Bureau of Prisons:

That the defendant be considered for placement in the BOP facility located in Alderson, West Virginia.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
[ ] at ___ [ ] a.m. [ ] p.m. on ___.
[ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before 2 p.m. on ___.
[✓] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BERNADETTE TRENT WEST
CASE NUMBER: 3:06-CR-92-04

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     two (2) years    .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       BERNADETTE TRENT WEST
CASE NUMBER:     3:06-CR-92-04

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer if the probation officer determines that such a program is required.

2. That the defendant complete 500 hours of community service as directed by the probation officer.

DEFENDANT:         BERNADETTE TRENT WEST
CASE NUMBER:    3:06-CR-92-04

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|            | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals:    | $ 100.00   | $    | $           |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS:       | $                     | $                             |                                         |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ]   The interest requirement is waived for the   [ ] fine and/or    [ ] restitution.

   [ ]   The interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        BERNADETTE TRENT WEST
CASE NUMBER:   3:06-CR-92-04

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]   Lump sum payment of $ 100.00  due immediately, balance due

            [ ] not later than _, or
            [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within 1  (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [ ]   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902**  . Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✓]   The defendant shall forfeit the defendant's interest in the following property to the United States:

      See Attachment

### Forfeiture Real Property and/or Related Land Records

      (a)                              Real Property, situated in District Four(4) of Knox County, Tennessee and within the 6th

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: BERNADETTE TRENT WEST
CASE NUMBER: 3:06-CR-92-04

    Ward of the City of Knoxville, Tennessee, and being known and designated as Lot 19R, in the Resubdivision of Lots 19, 20, 21, and 22, of Swan & Mabry Addition, as shown by map recorded as Instrument No. 200303240084555, in the Knox County Register's Office, said lot being more fully bounded and described by map, to which map specific reference is hereby made for a more particular description.

    Recorded in the Register of Deeds Office for Knox County, Tennessee September 5, 2005, as instrument Number 200509060021878, titled to the Industrial Development Board of the City of Knoxville. Being the same property conveyed by Quit Claim Deed dated May 9, 2003, from **Scott and Bernadette West** to Lessee recorded with the Knox County Register of Deeds at Instrument No. 200305120102834. (16, 18, 20, 22 Market Square).

(b)     The "Lease" concerning the aforesaid real property described in paragraph (1) immediately hereinabove, dated August 1, 2005, entered into by the industrial Development Board of the City of Knoxville, a public nonprofit corporation organized and existing under the laws of the State of Tennessee ("Lessor"), and Preservation Public LLC ("Lessee") as evidenced by the "Memorandum of Lease" of record as Instrument Number 200509060021879 in the Register of Deeds for Knox County, Tennessee, and which reads in part as follows:

    WHEREAS, Lessor is a public nonprofit corporation and a public instrumentality of the City of Knoxville, Tennessee, and is authorized under Sections 7-53-101 to 7-53-311, inclusive, Tennessee Code Annotated, as amended ("the Act"), to acquire, whether by purchase, exchange, gift, lease, or otherwise, and to own, lease and dispose of properties for certain purposes identified in the Act.

    WHEREAS, in order to encourage Lessee to construct and rehabilitate an approximately 26,300 square foot residential and commercial buildings located at 16-22 Market Square, Knoxville, Tennessee, thereby furthering the purposes of the Act, Lessor desires to lease to Lessee and Lessee desires to rent from Lessor certain real property hereinafter more particularly described, on the terms and conditions set forth herein;

    WHEREAS, the City Council of the City of Knoxville, Tennessee, authorized the Lessor to negotiate and accept from the Lessee payments in lieu of ad-valorem taxes pursuant to Resolution No. R-377-03 approved September 10, 2003; and
NOW, THEREFORE, Lessor, for and in consideration of the payments hereinafter stipulated to be made by Lessee, and the covenants and agreements hereinafter contained to be kept and performed by Lessee, does by these presents demise, lease and let unto Lessee, and Lessee does by these presents hire, lease and rent from Lessor, for the Term (as described below) and upon the conditions hereinafter stated, the premises described in <u>Exhibit A</u> attached hereto, together with all facilities and improvements now existing or hereafter constructed thereon by Lessee or otherwise....

(c)     Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, being located on the East side of Market Square, and more particularly described as follows:

    BEGINNING at the center of a brick division wall between Eckle and Gossett (former owners) at the pavement on said Market Square; thence Easterly with said Gossett line about 120 feet to an alley; thence Southerly along said alley 20 feet four inches; thence Westerly along the center wall of the present Brick business house formerly belonging to Eckle about 120 feet to Market Square; thence Northerly 20 feet 4 inches to the BEGINNING. Being known as 28 Market Square Mall. It being the true meaning and intent to convey to the second parties to the center of each wall on each side of said lot.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:    BERNADETTE TRENT WEST
CASE NUMBER:    3:06-CR-92-04

    Recorded in Warranty Deed registered on August 28, 2002, as instrument Number 200208280017284, in the Register of Deeds Office for Knox County, Tennessee, titled to Scott West and wife, **Bernadette West**. (28 Market Square)

(d)    Real Property, located in District Four (4) of Knox County, Tennessee and within the 6th Ward of the City of Knoxville, Tennessee, and being Lot 13 of Swan and Mabry's Addition, which lot runs 28 feet on the East side of Market Mall and extends East along the South line of Wall Avenue, 118.1 feet, more or less, to an alley, and being more particularly described as follows:

    BEGINNING at a point marking the intersection of the Eastern line of Market Square with the Southern side of Wall Avenue; thence in an Easterly direction and with the Southern line of Wall Avenue, North 63 deg. East 118.1 feet to an iron pin in the Westerly line of a 10 foot alley; thence in a Southerly direction with the Western line of said alley, South 27 deg. East 28.0 feet to an iron pin; thence South 63 deg. West 118.1 feet to the Eastern line of East Market Square; thence with the Eastern line of East Market Square, North 27 deg., West 28.0 feet to the point of BEGINNING, as shown by Survey of Property of Fikret T. Gencay by Michael E. Luethke, Tennessee, Registered Surveyor No. 842, Luethke Surveying Company, 6538 Vintage Drive, Knoxville, Tennessee 37921. Said survey being dated July 7, 1994, and bearing Drawing No. 94287.

    Recorded in Warranty Deed registered on May 9, 2002, as Instrument Number 200205090093076, in the Register of Deeds Office for Knox County, Tennessee, titled to **Bernadette West** and husband, Scott West. (36 Market Square also known as 320 Wall Avenue).

**Currency**

    $13,519.00 in United States currency recovered from Ronald Scott West and **Bernadette Trent West**, on July 16, 2006, at 18 Market Square, Apartment 211, Knoxville, Tennessee.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.